## Moten v. Harrisburg Hospital

*Richard L. Kearns*, for plaintiff.
*Joseph P. Hafer*, for defendant.

WICKERSHAM, *J.*, March 19, 1979—Plaintiff, Charlyne Moten, was admitted to defendant hospital on February 4, 1974, where her condition was diagnosed as jaundice. According to defendant's records, plaintiff was smoking a cigarette in bed on February 5, 1974; the bed caught fire, and plaintiff was injured. A writ of summons in trespass was served on defendant on July 25, 1975; thereafter, on December 7, 1977, defendant issued a rule upon plaintiff to file a complaint. A complaint in trespass and assumpsit was duly filed by plaintiff on April 28, 1978, to which defendant filed the preliminary objections which we shall consider seriatim.

Defendant's first set of preliminary objections are in the nature of a motion for a more specific pleading of paragraphs 12, 14 and 18 of the complaint pursuant to Pa.R.C.P. 1017(b)(3). Paragraph 12 alleges the following: "12. Defendant was negligent in failing to purchase and provide flame retardant or flame resistant bedding and/or mattresses for Plaintiff's use as a patient in its hospital which would either have prevented the aforesaid fire from occurring or would have resulted in a fire of less intensity."

The thrust of defendant's objection is that plaintiff has not set forth a factual basis for its allegation that the hospital's failure to purchase flame retardant or resistant bedding or mattresses constituted a breach of duty. We agree with defendant's contention that the existence of a duty is an essential element for a prima facie case of negligence. While plaintiff has alleged that defendant hospital was under a duty to provide flame resistant or flame retardant bedding, there are insufficient facts averred for defendant to glean the source of this alleged duty. Specifically, in the two preceding paragraphs (i.e., 10 and 11), plaintiff simply alleges that at the time of plaintiff's admission to the hospital, flame retardant or resistant bedding was available on the market, and that defendant knew of its availability. These allegations merely establish that defendant was aware that such bedding existed; they do not logically support a bare conclusion of negligence, or that defendant was under a duty to purchase and utilize such bedding. We therefore conclude that plaintiff's allegations in paragraph 12 lack specificity, and sustain defendant's preliminary objection under Pa.R.C.P. 1017(b)(3).

The next preliminary objection raised by defendant attacks paragraph 14 of plaintiff's complaint. Paragraph 14 contains the following assertion: "14. Defendant negligently failed to install smoke detection equipment in plaintiff's room which equipment would have detected the presence of smoke and enabled Defendant's personnel to have removed Plaintiff from her room in time to avoid her injuries."

Defendant maintains that this paragraph likewise lacks specificity. The immediately preceding paragraph alleges that defendant had knowl-

edge of the availability of smoke detectors. We reiterate that the mere allegation of defendant's knowledge of such device does not factually support an inference that defendant was negligent in failing to purchase such equipment. We therefore sustain defendant's preliminary objection to paragraph 14 of plaintiff's complaint.

In paragraph 18 of her complaint, plaintiff alleges that: "18. Defendant's conduct constituted a breach of the duties of due care as provided in Restatement of Torts 2d §320."

In this instance, plaintiff has made a bald allegation which is unsupported by any factual averments; we have no difficulty in arriving at the conclusion that defendant's preliminary objection thereto must be sustained.

The remaining preliminary objections filed by defendant are in the nature of a demurrer to counts VIII and IX of plaintiff's complaint. Count VIII, which is in assumpsit, alleges: "Defendant impliedly warranted to the plaintiff that it would provide a bed and bedding that would not ignite as a result of a lighted cigarette dropped on it or in the alternative that if the bed or bedding would ignite it would burn slowly enough to permit time to rescue the plaintiff without serious injury."

Furthermore, count IX avers: "The conduct of defendant described herein constituted a breach of its contract with the plaintiff as a patient to provide her with care commensurate with her needs."

First of all, in determining whether a demurrer should be sustained, the question is whether, on the facts averred, the law says with certainty that no recovery is possible. If there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to sustain the demurrer: Hoffman v. Misericordia

Hospital, 439 Pa. 501, 267 A. 2d 867 (1970). In count VIII, plaintiff claims that defendant breached its implied warranty that it would provide flame resistant or retardant bedding to plaintiff. This allegation presents the novel issue of whether any implied warranties arise in the context of the hospital-patient relationship. It has been held that certain warranties may arise in non-sales contexts; for example, in Hoffman v. Misericordia Hospital, supra, the Pennsylvania Supreme Court held that the lower court had erred when it sustained defendant's demurrer to plaintiff's complaint in which it was alleged that an implied warranty of fitness arose when defendant hospital administered a blood transfusion which resulted in the death of plaintiff's decedent. The court's reasoning is apposite in the instant case:

"In view of our case law implying warranties in non-sales transactions, it cannot be said with certainty that no recovery is permissible upon the claim here made, even if it should ultimately be determined that the transfer of blood from a hospital for transfusion to a patient is a service. . . . It was therefore error for the lower court to have sustained the preliminary objections in the nature of a demurrer . . . on the present record without sufficient inquiry as to whether the policies for which warranties are implied in law would be furthered by their implication in this situation." Hoffman v. Misericordia Hospital, supra, at 439 Pa. 507-508.

In the case at bar, plaintiff argues that the hospital-patient relationship is analogous to the landlord-tenant relationship to which the Pennsylvania Supreme Court has implied a warranty of habitability: Pugh v. Holmes, 253 Pa. Superior Ct. 76, 384 A. 2d 1234 (1978). Because we cannot say

with certainty that no recovery is possible under an implied warranty theory, we shall overrule defendant's preliminary objection to count VIII of the complaint.

Finally, with respect to count IX of the complaint, defendant argues that plaintiff has failed to state a cause of action upon which relief can be granted. The substance of count IX is that the defendant breached its contract with plaintiff to provide her with care commensurate with her needs. It is the law in this Commonwealth that a hospital is subject to liability to a paying patient who suffers personal injuries as a result of the hospital's negligence: Flagiello v. Penna. Hospital, 417 Pa. 486, 208 A. 2d 193 (1965). The issue which defendant raises here is whether such liability is contractual or whether it is based upon tort concepts. Professor Prosser, in The Law of Torts, makes the following observation: ". . . [w]hen the claim is one for personal injury, the decision usually has been that the gravamen of the action is the misconduct and the damage, and that is essentially one of tort, which the plaintiff *cannot alter by his pleading*." (Emphasis supplied.) Law of Torts (4th ed. 1971), Ch. 16, §92, p. 621. See also Friedline v. Bryan, 26 Cumberland 231 (1975).

We therefore conclude that defendant's preliminary objection to count IX must be sustained.

## ORDER

And now, March 19, 1979, defendant's preliminary objections to paragraphs 12, 14, 18 and count IX of plaintiff's complaint are hereby sustained, and defendant's preliminary objection to count VIII of the complaint is hereby overruled.